UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No.   21-cr-55 (JEB) |
| DOMINICK MADDEN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DOMINICK MADDEN'S SUPPLEMENTAL SENTENCING MEMORANDUM**

Dominick Madden, through undersigned counsel, submits this supplemental memorandum in support of sentencing given the significant amount of time that has passed while awaiting the outcome of the D.C. Circuit Appeals decision in *Little*.

Based on the following reasons and the reasons already outlined in the original Defense Memorandum and Reply (Dkt. 30, 33), Mr. Madden respectfully requests that the Court impose a probationary sentence.

1

**Background**

Mr. Madden was originally scheduled to appear for sentencing on April 12, 2022 after entering a guilty plea to Parading, Demonstrating or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104 (e)(2)(G). However, at issue during that time was whether or not a split sentence was authorized for a petty offense. The Honorable Emmet G. Sullivan, who previously presided over Mr. Madden's case, ordered that his sentencing be stayed pending the resolution of *United States v. Little*, No. 22-3018 (D.C. Cir. Mar. 24, 2022), a case pending appeal after a district court judge imposed a split sentence for a petty offense. Based on the minute order of the Court, Mr. Madden remained on pre-trial release awaiting the outcome of *Little* for over a year.

On August 18, 2023, the D.C. Circuit Court of Appeals issued its opinion in *Little* holding that it is impermissible to impose a split sentence for a petty offense. *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). Given the resolution of this issue, Mr. Madden is currently set for sentencing on January 11, 2024. On this date, three years will have passed since January 6, 2021, and three years will have passed where Mr. Madden has been in perfect compliance with his pre-trial release conditions.

I. **Update to History and Characteristics**

Mr. Madden still resides in New York with his wife. Since his last scheduled sentencing date, Mr. Madden has gained a grandchild and his third grandchild is due in June of this year. Mr. Madden also began employment for the stagehands in

the Local 1 and Local 4 unions in May of 2022. Mr. Madden helps to set up concerts at the Barclays Indoor Arena in Brooklyn. This job is part-time and is only supplemental income in addition to working for Uber Eats as a delivery driver. Mr. Madden's family relies upon this income for financial stability.

In addition, Mr. Madden's son, Vincent, recently graduated high school this past June in the class of 2023 and his son Dominick recently became employed with the Board of Education. Mr. Madden is proud of his children and has done everything he could for them to support them and to make sure that they succeed.

Unfortunately, there have been many losses to the family since April of 2022, including Mr. Madden's first cousin who died tragically in March of 2023 at the age of 49. This loss was devastating to Mr. Madden as his cousin was like his older brother. His cousin left behind a 14 year old niece and 19 year old nephew, who Mr. Madden has been helping to look after. Mr. Madden also recently lost his Aunt and two brother in laws within the past six months, who both left behind young adult children. As such, it has been a very difficult year for his family grieving these tragic losses. One of the widows, Gina Kousis, who lost her husband recently, writes to the Court to share that Mr. Madden has been her "rock" since her husband's passing and that he has helped her with her daughters and still continues to do so. *See* Exhibit 1, Letter from Gina Kousis. Another widow and Mr. Madden's sister in law, writes to the Court also explaining how Mr. Madden has been helping her through the tragic loss of her husband. *See* Exhibit 2, Letter from Melissa Buckman.

3

While awaiting sentencing these past two years, Mr. Madden's mental health has declined substantially. He has been constantly worried about the threat of incarceration and not being able to provide for his family. Mr. Madden's sentencing has been continued several times, through no fault of his own, with the first date being set for early 2022. Each time sentencing approached, Mr. Madden had to go through all of the anxiety and stress associated with one's liberty being at risk. Unlike other January 6 defendants who pled guilty relatively early on, he has not had the benefit of closure in a prompt manner. This has taken a toll on him and he is currently suffering from a Hernia and is under the care of a physician to determine if surgery is necessary.

The stress and remorse Mr. Madden has felt over the past few years should not be lost as it shows that people suffer in different ways as a result of their conduct and that this is a very real form of punishment. *United States v. Andrew Cavanaugh*, 21-cr-362 (APM), Sentencing Transcript at 29 (Court recognizing that jail is not the only punishment and that other forms of suffering is the type of punishment that courts should take into account when fashioning the appropriate sentence).

II.     **Update to Nature and Circumstances of the Offense**

As the Court is aware, the Relativity Database and Evidence.com are discovery sharing platforms that have terabytes of discovery which include all of the CCTV footage available. Based on further review of this discovery, counsel was able to track more of Mr. Madden's movements inside the Capitol building. The following

screenshots from this CCTV footage show that he was peaceful the entire 13 minutes he was inside the building and had peaceful interactions with law enforcement.



Above is a screenshot of Mr. Madden entering the building through the Senate Wing Door at 2:59:45pm with a large crowd behind him and in front of him. Despite the government's claim that the windows being broken would be "obvious," his entrance into a huge crowd very well could have prevented him from observing the broken windows.







Mr. Madden then followed a group of people into the Crypt at 3:00:36pm. At 3:01:20pm, he is seen entering the Crypt. Within one minute, he exited the Crypt at 3:02:01pm the same way he entered and then returned to the Senate Wing Door area where he joined a group of people who peacefully conversed with a police officer. At one point, Mr. Madden has his hand over his heart while he leans in to speak to the officer.





After walking away from the first group, Mr. Madden spoke to another officer and patted him on the back.



7

Just a couple minutes later, he exited through the same door he entered at 3:12:02pm.



### III.   More Recent Sentencing Comparisons

In the past year, there have been many similar cases as well as cases with more aggravating factors that have resulted in probationary sentences.

1. *US v. Peart*, 21-cr-662 (PLF): Defendant sentenced to 36 months' probation with 60 days of home detention after entering a plea to 40 U.S.C. § (e)(2)(G). Mr. Peart allegedly climbed several scaffolding platforms near the inauguration stage to gain access to the Capitol building and observed police officers retreating after being overcome by rioters. He allegedly observed assaults on officers with pepper spray and refused to leave the Capitol when ordered to do so by an officer. Mr. Peart entered the Senate Wing Door long before Mr. Madden did and observed officers trying to keep people out. Mr. Peart was inside the Capitol building for approximately 30 minutes. He was remorseful after January 6, 2021.

2. *US v. Andrew Bennett*, 21-cr-227 (JEB): Defendant sentenced to 24 months' probation after entering a guilty plea to 40 U.S.C. § 5104 (e)(2)(G). Mr. Bennett allegedly livestreamed videos while inside the Capitol building about an hour prior to Mr. Madden entering. He allegedly observed individuals tussling with police prior to entering. While inside the building, he allegedly said some unfortunate things to officers. However, he was remorseful after January 6, 2021, and cooperated with law enforcement.

3. *US v. Brandon Nelson*, 21-cr-344 (JDB): The court rejected the government's request for jail time and sentenced Mr. Nelson to 24 months' probation after he pled guilty to 40 U.S.C. § 5104 (e)(2)(G). Mr. Nelson allegedly entered the Capitol building through the Senate Wing Door around 2:12 pm, much earlier than Mr. Madden, and stayed in the Capitol building for over an hour. Notably, he was in the Crypt at the time that rioters overcame the police line trying to hold that area. After January 6, 2021, he accepted responsibility promptly. Mr. Nelson was a former member of the Air National Guard.

4. *US v. Caleb Jones*, 21-cr-321 (JEB): defendant sentenced to 24 months' probation with 2 months' home confinement. Mr. Jones also pled guilty to the petty offense of Parading and Picketing. The government accused him of scaling the wall of the U.S. Capitol to gain access to the building, taking photographs of other rioters damaging the building, and leaving the building after he was exposed to tear gas by officers trying to remove people from the

building. Like Mr. Madden, Mr. Jones expressed an early interest in accepting responsibility post January 6, 2021.

5. *US v. Louis Valentin*, 21-cr-702 (JEB): defendant sentenced to 12 months' probation with 10 days of intermittent confinement. The government accused Mr. Valentin of observing confrontations with police while inside the Rotunda and outside of the East Rotunda Door, but like Mr. Madden was not violent or aggressive. The government allegedly claimed that Mr. Valentin refused to leave the building until police were successful in clearing people out. He was in the building for approximately 40 minutes. Mr. Valentin was also a loving husband and father and his behavior was also an aberration compared to his past character.

While there are no past cases exactly alike, these cases further demonstrate that the government's recommendation in this matter would create an unwarranted sentencing disparity when considering that Mr. Madden's conduct is similar or less aggravating than the defendant' conduct in the above cases – especially when considering the fact that Mr. Madden has been on supervision for almost 3 years with no incident and has continued to be a positive part of his family and community.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500